Douglas J. Pick (DP-5935)
Eric C. Zabicki (EZ-0763)
**PICK & ZABICKI LLP**
Pro-Bono Counsel to Carrie Feiner
and Carrie Feiner Enterprises, LLC
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
LYONS PARTNERSHIP, L.P.; HIT ENTERTAINMENT,
INC.; GULLANE (DELAWARE) LLC; and THOMAS
LICENSING, LLC,

                                Plaintiffs,                         Index No. 07 CIV 7112

        v.

GREAT AMERICAN MASQUERADE, GAG, GIFT
& GADGET SHOP, INC. D/B/A ABRACADABRA,
PAUL BLUM, ALLEN DALTON PRODUCTIONS, LLC      **ANSWER**
ALLEN DALTON, CARRIE FEINER ENTERPRISES,
LLC, CARRIE FEINER, CROSS COUNTY CHILDRENS
ENTERTAINMENT, INC. D/B/A KID-O-ROBICS,
BRUCE K. MOGAVERO, AND VINCENT REVERDY
D/B/A CONNECTED EVENT CREATION.,

                                Defendants.
-------------------------------------------------------------------------x

        Defendants Carrie Feiner Enterprises, LLC and Carrie Feiner (collectively the "Feiner

Defendants"), by and through their counsel, Pick & Zabicki LLP, as and for their Answer to the Complaint,

dated August 9, 2007 (the "Complaint"), of plaintiffs Lyons Partnership, L.P., HIT Entertainment, Inc.,

Gullane (Delaware) LLC and Thomas Licensing, LLC (collectively, the "Plaintiffs"), respectfully:

        1.      To the extent that the statements set forth in Paragraph "1" of the Complaint

may be factual in nature, deny knowledge or information sufficient to form a belief as to the truth thereof.

2.      To the extent that the statements set forth in Paragraph "2" of the Complaint may be factual in nature, deny knowledge or information sufficient to form a belief as to the truth thereof.

3.      To the extent that the statements set forth in Paragraph "3" of the Complaint may be factual in nature, deny knowledge or information sufficient to form a belief as to the truth thereof.

4.      Neither admit nor deny the statements of law set forth in Paragraph "4" of the Complaint.

5.      Neither admit nor deny the statements of law set forth in Paragraph "5" of the Complaint.

6.      Neither admit nor deny the statements of law set forth in Paragraph "6" of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

10.     (a) Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10(a)" of the Complaint; (b) Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10(b)" of the Complaint.

11.     (a) Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11(a)" of the Complaint; (b) Deny knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11(b)" of the Complaint.

12.    (a) Admit the allegations set forth in Paragraph "12(a)" of the Complaint, but only to the extent that Carrie Feiner Enterprises, LLC, is a New York limited liability company having an office at 73 Fox Meadow Road, Scarsdale, New York 10583. The Feiner Defendants deny all remaining allegations set forth in Paragraph "12(a)" of the Complaint; (b) Admit the allegations set forth in Paragraph "12(b)" of the Complaint, but only to the extent that Carrie Feiner is an officer, director and/or shareholder of Carrie Feiner Enterprises, LLC and owns, operates and/or otherwise controls Carrie Feiner Enterprises, LLC. The Feiner Defendants deny all remaining allegations set forth in Paragraph "12(a)" of the Complaint.

13.    (a) Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13(a)" of the Complaint; (b) Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13(b)" of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25(a)-(g)" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "29" of the Complaint.

      30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

      31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

      32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

      33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

      34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint.

      35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

      36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint.

      37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37(a)-(m)" of the Complaint.

      38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

      39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49(a)-(i)" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "50" of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "51" of the Complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "52" of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "61" of the Complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of the Complaint.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "63" of the Complaint.

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "64" of the Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the Complaint.

66.    Deny the allegations set forth in Paragraph "66" of the Complaint, as they may apply to the Feiner Defendants, except admit that they received certain demands and/or documents from one or more of the Plaintiffs.

67.    Deny the allegations set forth in Paragraph "67" of the Complaint,  as they may apply to the Feiner Defendants, except admit they were presented with certain proposed settlement terms by one or more of the Plaintiffs.

68.    Deny the allegations set forth in Paragraph "68" of the Complaint as they may apply to the Feiner Defendants.

69.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "69" of the Complaint.

70.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "70" of the Complaint.

71.     Deny the allegations set forth in Paragraph "71" of the Complaint, except admit that Carrie Feiner Enterprises, LLC was engaged in the business of providing children's entertainment services.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "72" of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "73" of the Complaint.

74.     Admit the allegations set forth in Paragraph "74" of the Complaint to the extent that they apply to the Feiner Defendants.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "75" of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "76" of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "77" of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "78" of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "79" of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "80" of the Complaint.

      81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "81" of the Complaint.

      82.    Neither admit nor deny the statements set forth in Paragraph "82" of the Complaint.

      83.    Repeat, reallege and reiterate their responses to the allegations set forth in Paragraphs "1" through "82" in response to the allegations set forth in Paragraph "83" of the Complaint.

      84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "84" of the Complaint.

      85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "85" of the Complaint.

      86.    Deny the allegations set forth in Paragraph "86" of the Complaint as they may apply to the Feiner Defendants.

      87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "87" of the Complaint.

      88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "88" of the Complaint.

      89.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "89" of the Complaint.

      90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "90" of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "91" of the Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "92" of the Complaint.

93.     Deny the allegations set forth in Paragraph "93" of the Complaint as they may apply to the Feiner Defendants.

94.     Deny the allegations set forth in Paragraph "94" of the Complaint as they may apply to the Feiner Defendants.

95.     Deny the allegations set forth in Paragraph "95" of the Complaint as they may apply to the Feiner Defendants.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "96(a)-(f)" of the Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "97" of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "98" of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "99" of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "100" of the Complaint.

101.    Neither admit nor deny the statements of law set forth in Paragraph "101" of

11

the Complaint.

102.    Deny the allegations set forth in Paragraph "102" of the Complaint as they may apply to the Feiner Defendants.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "103" of the Complaint.

104.    Deny the allegations set forth in Paragraph "104" of the Complaint as they may apply to the Feiner Defendants.

105.    Repeat, reallege and reiterate their responses to the allegations set forth in Paragraphs "1" through "104" in response to the allegations set forth in Paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "106" of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "107" of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "108" of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "109" of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "110" of the Complaint.

111.    Deny the allegations set forth in Paragraph "111" of the Complaint as they may apply to the Feiner Defendants.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "112" of the Complaint.

113.    Deny the allegations set forth in Paragraph "113" of the Complaint as they may apply to the Feiner Defendants.

114.    Repeat, reallege and reiterate their responses to the allegations set forth in Paragraphs "1" through "113" in response to the allegations set forth in Paragraph "114" of the Complaint.

115.    Deny the allegations set forth in Paragraph "115" of the Complaint as they may apply to the Feiner Defendants.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "116" of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "117" of the Complaint.

118.    Deny the allegations set forth in Paragraph "118" of the Complaint as they may apply to the Feiner Defendants.

119.    Repeat, reallege and reiterate their responses to the allegations set forth in Paragraphs "1" through "118" in response to the allegations set forth in Paragraph "119" of the Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "120" of the Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "121" of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "122" of the Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "123" of the Complaint.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "124" of the Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "125" of the Complaint.

126.    Deny the allegations set forth in Paragraph "126" of the Complaint as they may apply to the Feiner Defendants.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "127" of the Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "128" of the Complaint.

129.    Neither admit nor deny the statements of law set forth in Paragraph "129" of the Complaint.

130.    Deny the allegations set forth in Paragraph "130" of the Complaint as they may apply to the Feiner Defendants.

131.    Neither admit nor deny the statements of law set forth in Paragraph "131" of the Complaint.

132.    Repeat, reallege and reiterate their responses to the allegations set forth in Paragraphs "1" through "131" in response to the allegations set forth in Paragraph "132" of the Complaint.

14

133.    Deny the allegations set forth in Paragraph "133" of the Complaint as they may apply to the Feiner Defendants.

134.    Deny the allegations set forth in Paragraph "134" of the Complaint as they may apply to the Feiner Defendants.

135.    Deny the allegations set forth in Paragraph "135" of the Complaint as they may apply to the Feiner Defendants.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "136" of the Complaint.

137.    Repeat, reallege and reiterate their responses to the allegations set forth in Paragraphs "1" through "136" in response to the allegations set forth in Paragraph "137" of the Complaint.

138.    Deny the allegations set forth in Paragraph "138" of the Complaint as they may apply to the Feiner Defendants.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "139" of the Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "141" of the Complaint.

142.    Deny the allegations set forth in Paragraph "142" of the Complaint as they may apply to the Feiner Defendants.

143.    Repeat, reallege and reiterate their responses to the allegations set forth in

Paragraphs "1"through "142"in response to the allegations set forth in Paragraph "143" of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "144" of the Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "146" of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "147" of the Complaint.

148.    Neither admit nor deny the statements of law set forth in Paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "149" of the Complaint.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "150" of the Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "151" of the Complaint.

152.    Deny the allegations set forth in Paragraph "152" of the Complaint as they may apply to the Feiner Defendants.

## FIRST AFFIRMATIVE DEFENSE

153.    The Complaint fails to set forth a claim upon which relief may be granted

as against the Feiner Defendants.

## SECOND AFFIRMATIVE DEFENSE

154.    Any purchase and/or use of the alleged protected property which is the

subject of the Complaint by the Feiner Defendants was done in good faith and without knowledge of any

actual or potential infringement upon any of the Plaintiffs' rights.

## THIRD AFFIRMATIVE DEFENSE

155.    Upon being advised by letter dated June 14, 2006, a copy of which is attached

as *Exhibit "A"* of an alleged potential infringement of the Plaintiffs' rights in connection with the Feiner

Defendants' purchase and/or use of the alleged protected property which is the subject of the Complaint,

the Feiner Defendants *immediately:* (i) ceased all further use of such items and (ii) removed all photos and

references to the "Purple Dinosaur" on its website.  Attached as *Exhibit "B"* is a letter dated July 10,

2006 and addressed to counsel to the Plaintiffs stating as follows:

> Dear Mr. Kaplan:
>
> > Further to our letter of June 28, 2006 and your follow-up call of June 29, 2006, we now respond to the substance of your letter of June 14, 2006 alleging copyright and trademark infringement.
> >
> > Initially, it should be noted that our client ("Feiner") has never used the mark BARNEY in connection with the dinosaur character in question ("Character") and any purported trademark or copyright infringement was certainly not willful.  Second, Feiner's business activities are those of a housewife operating part-time from her home with gross annual revenues derived from the Character being only a few hundred dollars.  Third, as advised in our letter of June 28, 2006, promptly upon receipt of your June 14, 2006 letter, all use of the Character by Feiner ceased and such cessation is

permanent.

Most importantly, Feiner's use of the Character in question has, until receipt of your June 14, 2006 letter, been continuous since 1992. Thus, Lyons' copyright and trademark claims are time barred by both the applicable Statutes of Limitations and especially the Doctrine of Laches. Further, since there is no real danger of any future purported infringement, a permanent injunction is not warranted.

We trust that upon your objective consideration of the above factual and legal circumstances, you will agree that your client's enforcement objectives have been met in a sensible manner and that this matter may now be deemed resolved.

If there is any further question, please feel free to contact the undersigned.

Very truly yours,

Bernard Malina

156. In response to the July 10, 2006 letter and by letter dated November 8, 2006 (4 months later), a copy of which is attached as *Exhibit "C"*, counsel to the Plaintiff did not dispute that any alleged trademark and/or copyright infringement had ceased in June, 2006 and did not dispute that a permanent injunction was unnecessary but instead went on the attack and demanded money responding as follows:

Dear Mr. Malina:

I write in reference to our recent conversation and in response to your July 10, 2006 letter.

As I previously explained, we have clear and incontrovertible evidence of your clients' trademark and copyright infringement. First, as you can see in the

attached e-mail sent by your clients to our investigator, your clients used the Barney® trademark without authorization numerous times to offer costume character services. Second, your clients' website (copies attached) contained at least two pictures of the infringing Barney costume – and in one of the pictures, Ms. Feiner is actually posing with the unauthorized costume!  Your clients' liability is obvious.

Further, as we discussed, your purported statute of limitations and laches defenses will be ineffective should this matter go to litigation.  The statute of limitations does not act as a bar to a plaintiff's trademark and copyright claims; instead, it merely limits damages to those infringements occurring within the limitations period.  Give your admission that your clients have been using the infringing Barney costume since 1992 (a fact that will come out in discovery), you have guaranteed that your client will be liable for the damages for the full limitations period (six years for trademark infringement; three years for copyright infringement) on each claim raised by my client.  Similarly, your proposed defense of laches will not bar my client's claim because the claim could not possibly arise until my client learned of your clients' infringement.

In short, your clients have exposed themselves to substantial damages, and my client is intent on pursuing its claims against them.  Your client has until Monday, November 13, 2006 to make a good faith settlement offer to avoid litigating this matter.

Nothing herein shall limit or be construed to limit any position, right or claim that Lyons Partnership, L.P. may have, all of which are expressly reserved.

Very truly yours,

Matthew A. Kaplan

157.    On August 9, 2007 (14 months after having already agreed to cease using the

costume at children's parties and having already offered to surrender the costume), Plaintiff  wrongfully

19

commenced the instant action seeking, among other relief: (i) a permanent injunction; (ii) an accounting as to profits (i.e. approximately $50.00 per party but never exceeding $200.00 in any given year); (iii) statutory damages of $150,000.00; (iv) damages to be determined at trial; (v) the surrender of the costume (was proposed in June and July, 2006); (vi) costs plus attorney fees; and (vii) exemplary and punitive damages.

158.    In an effort to have the Plaintiff voluntarily dismiss the action against the Feiner Defendants, both Carrie Feiner and her pro-bono counsel met with the attorneys for the Plaintiffs. No representative of the Plaintiffs was present at the meeting.  Although Ms. Feiner again offered to sign an Affidavit attesting to her limited use of the "Purple Dinosaur" and that her profits never exceeded $200.00 in any given year and (but some years there were no requests for the Barney costume and, therefore, no money made) that she had ceased offering the costume at children's parties since receipt of Plaintiff's June, 2006 letter and had offered to surrender the costume (currently stored in a box in her basement), the response was there would be "no dismissal of the action unless (the Feiner Defendants) paid (Plaintiffs) a reasonable sum of money".  A copy of counsel's letter confirming the meeting and their refusing to dismiss the action is attached as *Exhibit "D"*.

159.    Respectfully, the United States District Court for the Southern District of New York is a court that is handling a large number of major and actual commercial disputes, securities and fraud cases and complex criminal prosecutions.

160.    Upon information and belief, the commencement of the action against the Feiner Defendants was never intended to obtain an adjudication of the merits of the asserted claims, but rather to threaten, harass, intimidate and scare a mother of four children in order to set an example to others.

161.    This action constitutes an extremely abusive and malicious use of the District Court filed by an experienced trademark infringement lawyer who had a professional gate-keeping duty to know better and to avoid such abuses and, should therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

162.    The Complaint is barred in whole or in part by the doctrine of license and/or fair use.

## FIFTH AFFIRMATIVE DEFENSE

163.    Plaintiffs' damages, if any, are speculative and not recoverable.

## SIXTH AFFIRMATIVE DEFENSE

164.    Plaintiffs are not entitled to injunctive relief as against the Feiner Defendants because Plaintiffs have not sustained, nor are they in imminent peril of sustaining, any irreparable, injury or, for that matter, any harm or damage whatsoever.

## SEVENTH AFFIRMATIVE DEFENSE

165.    Any damages sought by Plaintiffs are barred by the fact that they are disproportionate to Plaintiffs' actual losses, if any.

## EIGHTH AFFIRMATIVE DEFENSE

166.    The Feiner Defendants had used a "Purple Dinosaur" costume, on rare and limited occasions,[1] in connection with certain private children's events[2] which events were typically attended by less than 20 children per event.  Carrie Feiner (the sole employee of Carrie Feiner Enterprises, LLC), would work out of her kitchen on a family used computer.

167.    The fee that was charged by the Feiner Defendants for such an event was

---

[1]    Since 2003, the Defendants' primary business is management of a concert classical pianist at adult parties and concert halls.

[2]    In addition to the "Purple Dinosaur", the Feiner Defendants had alternatively provided clowns, magicians and/or storytellers to children's parties.

initially only $75.00 but never, in any year, in excess of $125.00.

168.    After payment of $60.00 to a high school student who wore the "Purple Dinosaur" costume and certain other expenses, the Feiner Defendants would typically net a profit of approximately $50.00 per event (i.e. assuming a $125.00 fee).

169.    Any profit derived by the Feiner Defendants from its use of the "Purple Dinosaur" costume never exceeded $200.00 within any given year.

170.    Upon receipt of a letter from Plaintiffs' counsel dated June 14, 2006, the Feiner Defendants immediately ceased all use of the "Purple Dinosaur" costume and offered to surrender the said costume to Plaintiffs and removed all photos and references to the "Purple Dinosaur" on its website.  Plaintiff will be unable to point to any possible infringement (i.e. website since June, 2006).

### NINTH AFFIRMATIVE DEFENSE

171.    Statute of Limitations.

### TENTH AFFIRMATIVE DEFENSE

172.    Latches.

**WHEREFORE**, the Feiner Defendants request that the Complaint be dismissed with prejudice and that the Feiner Defendants be granted such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
           October 5, 2007

                                        **PICK & ZABICKI LLP**
                                        Pro-Bono Counsel to Carrie Feiner and
                                        Carrie Feiner Enterprises, LLC


                              By:      _____/s/ Douglas J. Pick_____
                                        Douglas J. Pick (DP-5935)
                                        369 Lexington Avenue, 12th Floor

New York, New York 10017
(212) 695-6000