## Pick & Zabicki LLP
ATTORNEYS AT LAW
369 Lexington Avenue, 12th Floor
New York, New York 10017

Douglas J. Pick
Eric C. Zabicki

Telephone: (212) 695-6000
Facsimile: (212) 695-6007
e-mail: dpick@picklaw.net

October 2, 2007

***Via Facsimile 212-974-8474 and First Class Mail***

Toby M. J. Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 34th Floor
New York, New York 10010

      Re:    *Lyons Partnership v. Great American Masquerade, et al.*
                *Index No. 07 CIV 7112*

Dear Mr. Butterfield:

      This letter will confirm that we had met at your office at approximately 9:10 a.m. on Friday, September 28, 2007. In attendance in our meeting were yourself, your associate Matthew A. Kaplan, myself and our client Carrie Feiner. This letter will further confirm that we had advised you that Carrie Feiner Enterprises had rarely used the "Purple Dinosaur" costume (otherwise apparently known as "Barney") and that the annual net income, at best, would not exceed $200.00 in any given year. We had advised you that most recently Ms. Feiner had been charging $125.00 per children's party for the Purple Dinosaur out of which she would pay $60.00 to the high school student who wore the outfit. Assuming that there were certain minimal costs also incurred with respect to the use of the costume, the net profit would be approximately $50.00 per party. We had offered to return the costume to your client, sign an affidavit that we had stopped using the costume upon receipt of a letter from your office dated June 14, 2006 and that we would not utilize the costume at any future parties. We also advised you that we had the corporate tax returns that would show the nominal income of the corporation. Notwithstanding, you had made it very clear to us that we had to "convince" you that the damages were deminimus as well as to pay you "money" and that we should make you an offer to settle. You further confirmed that there would be *no dismissal of the action* unless we paid you a "reasonable sum of money".

      I had advised you that we had received a demand from your office to settle for $100,000.00 and therefore a "reservoir" existed between our respective positions as to the monies that you were demanding and actual damages. I repeatedly requested that you provide me with a realistic amount of what you were seeking. You continually refused demanding that I provide you with a number. I had suggested that possibly a few hundred dollars might fit within Ms. Feiner's budget but you

Toby M. J. Butterfield, Esq.
October 2, 2007
Page 2

advised that that number doesn't even come close to what you are looking for and that you will not dismiss the action unless and until she pays you substantially more (i.e. a five figure number). You thereafter blocked her exit from the conference room and directly advised her (with your back to me) that unless she settled with you and paid you money that you would continue the action against her, subpoena all of her records, get her credit card statements, her business records, proceed to obtain a summary judgment award and then put a lien on her house and foreclose on the house in order to get paid.

    Please let me know if any of the above does not meet with your recollection of the facts.

    Very truly yours,

    Douglas J. Pick

DJP/nr
cc: Carol Feiner