UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LYONS PARTNERSHIP, L.P., HIT : 
ENTERTAINMENT, INC., GULLANE
(DELAWARE) LLC, and THOMAS :
LICENSING, LLC,
: Civil Action No.: 07 Civ. 7112
          Plaintiffs, Hon. Richard J. Sullivan
: ECF CASE
  -against-
:
GREAT AMERICAN MASQUERADE, GAG, **ANSWER**
GIFT & GADGET SHOP, INC. D/B/A :
ABRACADABRA, PAUL BLUM, ALLEN JURY TRIAL DEMANDED
DALTON PRODUCTIONS, LLC, ALLEN :
DALTON, CARRIE FEINER ENTERPRISES,
LLC, CARRIE FEINER, CROSS COUNTY :
CHILDRENS ENTERTAINMENT, INC. D/B/A
KID-O-ROBOTICS, BRUCE K. MOGAVERO, :
and VINCENT REVERDY D/B/A
CONNECTED EVENT CREATION, :

          Defendants. :
------------------------------------X

      Defendants Great American Masquerade, Gag, Gift & Gadget Shop, Inc. d/b/a Abracadabra and Paul Blum (collectively "Great American"), answering the Complaint by and through their undersigned attorneys, allege as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 1 and 2 of the Complaint.

      2.     Paragraph 3 of the Complaint purports to describe the nature of the action and the relief sought, so that it contains no allegation of fact and no response is required. To the extent that the Paragraph 3 nevertheless is construed in a manner that requires a response, Great American denies knowledge or information sufficient to form a belief as to the truth of the allegations

157404.1

contained therein. Also, to the extent that Paragraph 3 is construed as alleging that Great American is subject to liability and Plaintiffs are entitled to relief from Great American, such allegations are denied.

3. Paragraphs 4, 5 & 6 of the Complaint purport to establish jurisdiction and venue by *inter alia* citing rules of court and summarizing certain previously alleged facts that allegedly relate to same. As such those paragraphs do not constitute allegations of fact and no response is required. To the extent that Paragraphs 4, 5 & 6 nevertheless are construed in such a manner that requires a response, Great American denies knowledge or information sufficient to form a belief as to the truth of allegations contained therein. Also, to the extent that the paragraphs are construed as alleging that Great American committed any tortious act or that plaintiffs are entilted to relief from Great American, such allegations are denied.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 7, 8 & 9 of the Complaint.

5. Admits that Great American Masquerade, Gag, Gift & Gadget Shop, Inc. is a corporation organized under the laws of the State of New York and is authorized to transact business within the State of New York, and otherwise denies the remaining allegations contained within Paragraph 10. a. of the Complaint.

6. Admits that Paul Blum was formerly the sole shareholder of Great American Masquerade, Gag, Gift & Gadget Shop, Inc., and otherwise denies the remaining allegations contained within Paragraph 10. b. of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs 11 through 14 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15 through 65 of the Complaint.

9. In response to Paragraphs 66 and 67 of the Complaint, admits that plaintiffs have previously demanded compensation from Great American for alleged infringing activities, but otherwise denies the remaining allegations contained therein to the extent that those allegations refer or relate to Great American, and denies information or knowledge sufficient to form a belief as to the remaining allegation as they refer or relate to other entities other than Great American. Also, to the extent that Paragraphs 66 and 67 of the Complaint are construed as alleging that Great American is subject to liability and Plaintiffs are entitled to relief from Great American, such allegations are denied.

10. Denies the allegations of Paragraph 68 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

11. Denies the allegations contained within Paragraphs 69.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 70 through 73 of the Complaint.

13. In response to Paragraph 74 of the Complaint, Great American denies the allegations contained therein to the extent that the paragraphs are construed as alleging that Great American is subject to liability and Plaintiffs are entitled to relief from Great American, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

14. Denies the allegations of Paragraphs 75 through 80 of the Complaint to the extent that

those allegations refer or relate to Great American, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 81 of the Complaint.

16. Paragraph 82 of the Complaint purports to seek relief, so that it contains no allegation of fact and no response is required. To the extent that Paragraph 82 of the Complaint nevertheless is construed in a manner that requires a response, Great American denies the allegations of Paragraph 82 of the Complaint to the extent that those allegations refer or relate to Great American, otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein. Also, to the extent that Paragraph 82 is construed as alleging that Great American is subject to liability and Plaintiffs are entitled to relief from Great American, such allegations are denied.

## AS AND FOR THE FIRST CAUSE OF ACTION

17. In response to Paragraph 83 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 82 of the Complaint as though fully set forth herein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 84, 85, 87, 88 of the Complaint.

19. Denies the allegations contained within Paragraph 86 of the Complaint to the extent that the allegations therein refer to relate to Great American, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

20. Denies the allegations contained within in Paragraphs 89 through 91, 93 through 95 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise

denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 92 and 96 of the Complaint.

22. Denies the allegations contained within in Paragraphs 97 through 104 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

### AND AS FOR THE SECOND CAUSE OF ACTION

23. In response to Paragraph 105 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 104 of the Complaint as though fully set forth herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 106 of the Complaint.

25. Paragraphs 107 and 110 set forth a conclusion of law to which no response is required. To the extent that Paragraphs 107 and 110 are nevertheless construed in a manner that requires a response, Great American denies the allegations contained therein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the information contained within Paragraphs 108 and 109 of the Complaint.

27. Denies the allegations contained within in Paragraphs 111 through 113 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

### AND AS FOR THE THIRD CAUSE OF ACTION

28. In response to Paragraph 114 of the Complaint, repeats and realleges the responses

to Paragraphs 1 through 113 of the Complaint as though fully set forth herein.

29. Denies the allegations contained within in Paragraphs 115 through 118 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

### AND AS FOR THE FOURTH CAUSE OF ACTION

30. In response to Paragraph 119 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 118 of the Complaint as though fully set forth herein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 120 through 122 of the Complaint, and respectfully refers the Court to Exhibits C, F, I, K, O and S to the Complaint for their respective contents.

32. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraphs 123 through 125 and 127 of the Complaint.

33. Denies the allegations contained within in Paragraphs 126 and 128 through 131 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

### AND AS FOR THE FIFTH CAUSE OF ACTION

34. In response to Paragraph 132 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 131 of the Complaint as though fully set forth herein.

35. Denies the allegations contained within in Paragraphs 133 through 136 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

## AND AS FOR THE SIXTH CAUSE OF ACTION

36. In response to Paragraph 137 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 136 of the Complaint as though fully set forth herein.

37. Denies the allegations contained within in Paragraphs 138 through 142 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

## AND AS FOR THE SEVENTH CAUSE OF ACTION

38. In response to Paragraph 143 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 142 of the Complaint as though fully set forth herein.

39. Paragraph 144 sets forth a conclusion of law to which no response is required. To the extent that Paragraph 144 is nevertheless construed in a manner that requires a response, Great American denies the allegations contained therein.

40. Denies the allegations contained within in Paragraphs 145 through 152 of the Complaint to the extent that those allegations refer or relate to Great American, and otherwise denies knowledge or sufficient to form a belief as to the truth of the remaining allegations contained therein.

## FIRST DEFENSE

41. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

42. Any conduct on half of Great American was done in good faith.

## THIRD DEFENSE

43. The Complaint is barred in whole or in part by the doctrine of license and/or fair use.

## FOURTH DEFENSE

44. Plaintiffs' damages, if any, are speculative and not recoverable.

## FIFTH DEFENSE

45. Plaintiffs have not sustained, nor are they in imminent peril of sustaining any harm, damage or irreparable damage whatsoever.

## SIXTH DEFENSE

46. Plaintiffs' claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

47. Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTH DEFENSE

48. Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

49. Plaintiffs have failed join necessary and indispensable parties to this action.

## TENTH DEFENSE

50. Plaintiff is estopped from asserting its claims.

## ELEVENTH DEFENSE

51. Federal law preempts the Fifth through Seventh causes of action.

## TWELFTH DEFENSE

52. Plaintiffs' alleged marks are neither distinctive nor famous.

## THIRTEENTH DEFENSE

53. Plaintiffs' alleged marks have not acquired secondary meaning.

### FOURTEEN DEFENSE

54.Plaintiffs' registration of the its alleged trademarks and copyrights were obtained through fraud.

### FIFTEENTH DEFENSE

55.Plaintiffs have abandoned their alleged trademarks and copyrights.

### SIXTEEN DEFENSE

56.The Court lacks personal jurisdiction over Great American.

### SEVENTEENTH DEFENSE

57.The Complaint does not describe any liability allegedly attributable to Great American with sufficient particularity to enable Great American to determine what other or additional defenses it may have in response to the Complaint. Great American, therefore reserves the right to assert all other defenses which may be pertinent to the Complaint. Great American also incorporates by reference any and all defenses asserted by other defendants in this action to the full extent that such defenses may here apply to Great American.

**WHEREFORE**, defendants Great American Masquerade, Gag, Gift & Gadget Shop, Inc. d/b/a Abracadabra and Paul Blum demand judgment:

a.Dismissing the Complaint with prejudice;

b.Awarding to defendants their costs and disbursements;

c.Awarding to defendant their attorneys' fees and expenses of litigation; and

d.Granting such other and further relief as may be just and proper.

Dated: New York, New York
October 31, 2007

Yours, etc.

**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

By *[signature: Alfred L. D'Isernia]*
David A. Beke (DB 3482)
Alfred L. D'Isernia (AD 9700)

Wall Street Plaza
New York New York 10005-1875
Tel.: (212) 269-4900
*Attorneys for Defendants Great American Masquerade, Gag, Gift & Gadget Shop, Inc. d/b/a Abracadabra and Paul Blum*